RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 01 2020

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

Dec 1st 2020

United States District Court
For The
Northern District of Georgia
Atlanta Division

Rev. Adolph Wright
plaintiff

Case # 1:20-CV-4861

vs

Integral Property Management LLC (Lena Pitt) (president)
Defendant

Come now plaintiff Rev. Adolph Wright, Hereby makes Claim & charge to this Court, that Defendant (Integral property management) president (Lena Pitt); not only violated Section 804(F)3)c) of Title VIII of the United States Civil Rights Act of 1968, Fair Housing act of 1988; against plaintiff (3) after Being charged & Confronted By (HUD) United States Dept of Urban Development of its Violation of (Section 804(f)3)c); of Title VIII Civil Rights act of 1968; Defendant Entered in agreement with Hud to install (Swing Doors) at 372 Legacy Dr. Namely (Veranda of) (Collegetown) (Senior Citizens) Apt. Dwellings; in order that the tenants of senior age, as well as all the tenants that possessed various (medical challenges) (Heart Attack;) Body weakness; (Diabetes Etc) As well

(2)

as those (mainly in wheelchairs); that found it (very difficult) to Enter the Apt. thru the (Existing doors,) with (Grocery Bags)(Laundry Bags)(personal Items Etc.,) on (Oct 23rd 2020); to Install (Swing Doors within (7 Days) of Signed Agreement; + Integral property management (President Lena Pitt,), signed agreement to notify Hud, Investigator Mr. Spears, By sending Him a photo copy of Installed date; as well as post Sign of pacific sign within the premises for public Display; But Defendant, (President Lena Pitt,) also violated an addition agreement with Hud (810 (B) 2 act) 103, 310) Hud Regulations;??

(3) Defendant, President Lena Pitts; + Integral properties has proven that they have no Regards to the Respect of the United States of American, Federal Housing Laws; By Initially Violating (Section 804 (f) 3) L) of Title VIII of the Civil Rights Act of 1968;) fair Housing act of 1988; After Being Confronted By (Hud) Federal Investigator Mr. Spears; of their Violation; (President Lena Pitts,) of (Integral Property management) Enter an agreement to avoid the cost of Court Legal Expenses of a Lawsuit; to Install the (Swing Doors) to (Enhance the Livelihood of the Disable Senior Citizens); But (President) (Lena Pitt) shown that Despite the Agreement with (Hud) Federal Investigator Mr. Spears; (whom stated he had Concluded his Investigation as of (Oct 23rd 2020); (President Lena Pitts, + Integral property management assume that there wouldn't Be any further oversight; therefore, Continue to Ignore their Signed agreement dated (Oct 23rd 2020); + Continue to Believe that they were above the Law; Like their President of the United States;

(3)

Donald Trump, has Displayed, that He also is above the Law!! plaintiff; Request this (Honorable Court) to Admonish, (President) (Lena pitt;) & (Integral property management;) That no man is above the Laws of the United States of America; without any political favoritism; But Thru our Courts; that there is (Equal Justice) (of the Law)!! Despite my Representation as, Representing myself as (PRO-Se)?? But (Equal Justice of the Law)!!

note: (please see enclosed agreement date Oct 23rd 2020);
(Inquiry # 610589)        (Hud file # 04-20-2053-8)
    Signed this 1st day of Dec 2020;
    Rev. Odolph Bright
    P.O. Box 82752
    Atlanta, Ga. 30354
3 of 3)  7) 873-6593            Yours In Christ
                                Rev. O. Bright

An advocate for all the Senior Citizens that are Disable, with various Disability that Reside at Veranda of Collegetown Senior Citizens Resident; Which your parents could also Reside their; or Elsewhere I still would Be a advocate for them, the Same way (J-E-S-U-S) would!!
                                Equal Justice

# UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

## TITLE VIII
## CONCILIATION AGREEMENT

Between

Odolph Wright

(Complainant)

And

Harris Development Partnership II LP

Integral Property Management LLC

Jamie McKee, Portfolio Manager

Tyisha Phillips, Community Manager

(Respondents)

Approved by the FHEO Regional Director on behalf of the
United States Department of Housing and Urban Development



**FHEO CASE NUMBER:** 04-20-2053-8

recent alleged retaliatory act(s) occurred or ended. ???

**Enforcement by the Attorney General.** Section 810(c) of the Act provides that whenever HUD has reasonable cause to believe that a respondent has breached a Conciliation Agreement, HUD shall refer the matter to the Attorney General with a recommendation that a civil action be filed on behalf of the complainant. Section 814(b)(2) of the Act authorizes the Attorney General to file a civil action in an appropriate United States District Court for appropriate relief with respect to the breach of a HUD Conciliation Agreement.

If an aggrieved person believes that a respondent has breached a HUD Conciliation Agreement, he or she should promptly report the alleged breach to the HUD Office that investigated the complaint. *Plaintiff Call the Federal Investigator (Mr. Spears) + Informed Him that Defendant had violated the agreement; + asked why; + He Hung up the phone on me!*

**Public Disclosure.** Section 103.330(b) of HUD's regulations implementing the Act provides that Conciliation Agreements shall be made public, unless the aggrieved person and the respondent request nondisclosure and HUD determines that disclosure is not required to further the purposes of the Act. Notwithstanding a determination that disclosure of an Agreement is not required, HUD may publish tabulated descriptions of the results of all conciliation efforts.

If you have any questions regarding this closure, please contact (800) 440-8091 or (800) 669-9777 for assistance.

Sincerely,

Carlos Osegueda, Regional Director
Region IV, Office of Fair Housing and Equal Opportunity

Enclosures





Five Points Plaza
40 Marietta Street, 16th Floor
Atlanta, GA 30303-2806

October 27, 2020

Odolph Wright
P.O. Box 82752
Atlanta, GA 30354

Dear Complainant:

Object:   Housing Discrimination Complaint
          Wright, Odolph v Harris Development Partnership II LP., et al.
          Inquiry No.: 610589
          HUD File No.: 04-20-2053-8

The above-referenced housing discrimination complaint, which was filed with the U.S. Department of Housing and Urban Development (HUD), on June 03, 2020, has been resolved by the execution of a HUD Conciliation Agreement (Agreement), as provided under §810(b) of the Fair Housing Act of 1968, (Act) as amended [42 U.S.C. §3601 et seq.].

On **October 23, 2020**, the Conciliation Agreement was signed and approved on behalf of the Secretary, as required under §810(b)(2) of the Act and §103.310 of HUD's regulations implementing the Act. By executing this Agreement, the parties have agreed that all issues that were raised in the above-referenced complaint are resolved. By approving this Agreement, HUD has concluded that its provisions will adequately vindicate the public interest. Accordingly, HUD has terminated its investigation, and has administratively closed the complaint, effective as of **October 23, 2020**. A copy of the HUD-approved Agreement is enclosed for your records.

This closure is not a determination on the merits of the allegations contained in the HUD complaint.

By executing this Conciliation Agreement, the parties have committed to comply with the provisions specifically designed to resolve the issues raised in the complaint, and to further the public interest in fair housing.

**Retaliation is a violation of the Fair Housing Act.** Section 818 of the Act makes it unlawful to retaliate against any person because he or she has filed a housing discrimination complaint; is associated with a complainant; has counseled or otherwise assisted any person to file such a complaint; or has provided information to HUD during a complaint investigation. Section 818 also protects complainants against retaliatory acts that occur after a complainant has withdrawn, settled, or conciliated a housing discrimination complaint. Any person who believes that he or she has been a victim of retaliation for any of the reasons listed above may file a housing discrimination complaint with HUD within one (1) year of the date on which the most

## A. PARTIES AND SUBJECT PROPERTY

Complainant

Odolph Wright
372 Legacy Drive, Apt 214
Atlanta GA 31310

Respondents:

Integral Property Management LLC.
191 Peachtree Street, Suite 5100
Atlanta, GA 30303

Harris Development Partnership II LP
c/o Integral Property Management LLC.
191 Peachtree Street, Suite 5100
Atlanta, GA 30303

Jamie McKee
Integral Property Management LLC., Portfolio Manager
c/o Integral Property Management LLC.
191 Peachtree Street, Suite 5100
Atlanta, GA 30303

Tyisha Phillips
Integral Property Management LLC., Community Manger
191 Peachtree Street, Suite 5100
Atlanta, GA 30303

Subject Property:

Veranda at Collegetown
372 Legacy Drive SW
Atlanta, GA 30310

## B. STATEMENT OF ALLEGATIONS



A complaint was filed with the United States Department of Housing and Urban Development (HUD or the Department) on June 03, 2020, alleging that the Complainant was injured by discriminatory acts. It is alleged that Respondents are discriminating against persons with disabilities by failing to comply with the design and construction

requirements of the Fair Housing Accessibility Guidelines. Complainant believes Respondents collectively discriminated against him because of disability. The Complainant alleged the most recent act to have occurred on February 03, 2020. If proven, the allegations would constitute violation of Section 804(f)(3)(C) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988.

Respondents deny having discriminated against Complainant, but agree to settle the claims in the underlying action by entering into this Conciliation Agreement.

Respondents have entered into this Agreement to avoid the risks, expenses, and burdens of litigation and to resolve voluntarily the claims in the underlying action (the "Claims") regarding alleged violations of the Fair Housing Act. By settling this matter, Respondents are not admitting to any fault, guilt or liability with respect to the Claims.

The Parties agree that this Agreement is being executed by Lena Pitt, President of Integral Property Management and that the signatures of Respondents Integral Property Management LLC., Harris Development Partnership II LP., Jamie McKee and Tyisha Phillips are not required for execution of this agreement.

### C. TERM OF AGREEMENT

1. This Conciliation Agreement (Agreement) shall govern the conduct of the parties to it for a period of one (1) year from the Effective Date of this Agreement.

### D. EFFECTIVE DATE

2. The parties expressly agree that this Agreement constitutes neither a binding contract under state or federal law nor a Conciliation Agreement pursuant to the Act, unless and until such time as it is approved by the U.S. Department of Housing and Urban Development, through the FHEO Region IV Director, or his or her designee.

3. This Agreement shall become effective on the date on which it is approved by the Regional Director of the Office of Fair Housing and Equal Opportunity (FHEO) of the United States Department of Housing and Urban Development (HUD) 40 Marietta Street, Atlanta, Georgia 30303 or his or her designee.

### E. GENERAL PROVISIONS

4. The parties acknowledge that this Agreement is a voluntary and full settlement of the disputed complaint. The parties affirm that they have read and fully understand the terms set forth herein. No party has been coerced, intimidated, threatened, or in any way forced to become a party to this Agreement.

5. The Respondents acknowledge that they have an affirmative duty not to discriminate under the Act, and it is unlawful to retaliate against any person because that person has



made a complaint, testified, assisted or participated in any manner in a proceeding under the Act. Respondents further acknowledge that any subsequent retaliation or discrimination constitutes both a material breach of this Agreement, and a statutory violation of the Act.

6. This Agreement, after the FHEO Regional Director or his or her designee has approved it, is binding upon Respondents, their employees, heirs, successors and assignees, and all others in active concert with them in the operation of the subject property.

7. It is understood that, pursuant to Section 810(b)(4) of the Act, upon approval of this Agreement by the FHEO Regional Director or his or her designee, it is a public document.

8. This Agreement does not in any way limit or restrict the Department's authority to investigate any other complaint involving the Respondents made pursuant to the Fair Housing Act or any other complaint within the Department's jurisdiction.

9. No amendment to, modification of, or waiver of any provisions of this Agreement shall be effective unless: (a) all signatories or their successors to the Agreement agree in writing to the amendment, modification, or waiver; (b) the amendment, modification, or waiver is in writing; and (c) the amendment, modification, or waiver is approved and signed by the FHEO Regional Director or his designee.

10. The Parties agree that the execution of this Agreement may be accomplished by separate execution of consents to this Agreement; the original executed signature pages to be attached to the body of the Agreement to constitute one document.

11. Complainant hereby forever waives, releases, and covenants not to sue the Department, Respondents, their heirs, executors, assigns, agents, employees and attorneys with regard to any and all claims, damages, and injuries of whatever nature, whether presently known or unknown, arising out of the subject matter addressed in HUD Case Number 04-20-2053-8 or which could have been filed in any action or suit arising from said subject matter.

12. Respondents, hereby forever waive, release, and covenant not to sue the Department or Complainant or its successors, assigns, agents, officers, board members, employees and attorneys with regard to any and all claims, damages, and injuries of whatever nature, whether presently known or unknown, arising out of the subject matter of HUD Case Number 04-20-2053-8 or which could have been filed in any action or suit arising from said subject matter.

## F. RELIEF FOR COMPLAINANT

13. Respondents agree to take the following actions, and, as set forth in this Agreement, will provide the Department with written certification that the requirements have been met:



   a. Respondents agrees to retrofit all doors in public and common use areas and primary entry doors with ADA-compliant swing door operators within seven (7) calendar days of the Effective Date of this Agreement. Additionally, Respondents agree to submit proof that the modification was completed in a professional manner.

### G. RELIEF IN THE PUBLIC INTEREST     ???

*Respondent Violated →*

14. Within thirty (30) days of the Effective Date of this Agreement, Respondents must prominently post at all offices a fair housing sign no smaller than ten (10) inches by fourteen (14) inches that indicates that all properties are managed in a nondiscriminatory manner.

15. Within thirty (30) days of the Effective Date of this Agreement, the Respondent shall inform all of its agents, and employees responsible for compliance with this Agreement of the terms of this Agreement and shall provide each such person with a copy of this Agreement.

### H. MONITORING

16. The Department shall determine compliance with the terms of this Agreement. During the term of this Agreement, HUD may review compliance with this Agreement. As part of such review, HUD may inspect Respondents' property identified in Section A of this Agreement, examine witnesses and copy pertinent records of Respondents. Respondents agree to provide its full cooperation in any monitoring review undertaken by HUD to ensure compliance with this Agreement.

### I. REPORTING AND RECORDKEEPING

*Respondent Violated →*

17. The Respondent shall forward to the Department objective evidence of the successful modification, in the form of a video recording, within thirty (30) days of the completion of the installation, as evidence of compliance with paragraph 13(a) of this Agreement.

18. All required certifications and documentation of compliance must be submitted via e-mail to: fredgert.spears@hud.gov.

### J. CONSEQUENCES OF BREACH

19. If ever the Department has reasonable cause to believe that the Respondents have breached this Agreement, the Department shall provide written notice of such potential breach and provide a thirty (30) day cure period to Respondents. If Respondents fail to cure any breach within thirty (30) days of receipt of written notice



from the Department, then the matter shall be referred to the Attorney General of the United States, to commence a civil action in the appropriate U.S. District Court, pursuant to §§ 810(c) and 814(b)(2) of the Act.

## K. CERTIFICATION/SIGNATURES

By affixing their signatures hereunder, the parties certify that they have reviewed and understand the terms and conditions of this Agreement, and that they have full authority to enter into this Agreement on behalf of themselves or as agents of others.

## L. SIGNATURES

Complainant:

_____     oct 7th 2020
Odolph Wright                                Date

Respondents:

Integral Property Management LLC., Harris Development Partnership II L.P., Jamie McKee and Tyisha Phillips

By: _____     Oct. 13, 2020
Lena Pitt                                       Date
President of Integral Property Management

APPROVAL

_____     10/23/2020
Carlos Osegueda                            Date
FHEO Region IV Director

